UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN L. MCCULLOM,<br><br>        Plaintiff,<br><br>   v.<br><br>FORMER PRESIDENTIAL DONALD TRUMP'S ADMINISTRATION, et al.,<br><br>        Defendants. | Case No. 21-05738 BLF (PR)<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND; ADDRESSING PENDING MOTIONS**<br><br><br>(Docket Nos. 1, 7, 9) |

    Plaintiff, a state prisoner currently confined at the Santa Rita Jail in Dublin, California, filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against various Defendants, including the "Former Presidential Donald Trump's Administration, Governor Gavin Newsom, Sheriff Gregory J. Ahern, District Attorney Nancy E. O'Malley of Alameda County, as well as others. Dkt. No. 4 at 1, 3.[1] Plaintiff has also filed a "motion for review by three-judge district court," Dkt. No. 7, and a motion for appointment of counsel, Dkt. No. 9. Plaintiff's motion for leave to proceed *in forma*

---

[1] Plaintiff filed a six-page handwritten document "requesting to file a 42 U.S.C. 1983 civil rights complaint" against Governor Gavin Newson, the State of California, and state county officials. Dkt. No. 1 at 1. The Clerk of the Court sent Plaintiff a notice directing him to file a complaint on the court form, Dkt. No. 3, which he did on September 7, 2021. Dkt. No. 4.

*pauperis* will be addressed in a separate order.

## DISCUSSION

### A. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

### B. Plaintiff's Claims

Plaintiff names the following as Defendants in this action: the "former presidential Donald Trump's administration," Governor Gavin Newsom, the Alameda County Administrator Susan S. Muranishi, the Alameda County Board of Supervisors Officials, "(1) David Haubert, (2) Richard Valle, (3) Wilma Chan, (4) Nate Miley, Vice-President, [and] (5) Keith Carson, President," the Alameda County Chief Probation Officer Wendy Still, San Mateo County Chief Probation Officer Mr. Jhon Keen, and Sheriff Gregory Ahern. Dkt. No. 4 at 1, 2. Plaintiff claims that he is in imminent threat of danger from irreparable harm from "an enterprise engaged in racketeering activity where [he's] been assaulted by these Defendants violent crimes in aid of racketeering… where the element of the offense, i.e., a purpose of maintaining the Defendants' position in an enterprise engaged in racketeering activity [*sic*]." *Id.* at 2-3. As with several of Plaintiff's prior

2

complaints,[2] the handwritten complaint in this matter is lengthy, i.e., 122 pages long, and contains allegations that are disorganized and incoherent. Dkt. Nos. 4, 4-1, 4-2. His allegations include racketeering and conspiracy, Dkt. No. 4 at 5-8, 9, "wrongful conduct deliberately breaching national security," *id.* at 8, failure to maintain accurate data bases, *id.* at 10, interference with interstate commerce with the use of technology, *id.* at 11, false arrest, *id.* at 12, excessive force during booking, *id.*, challenges to evidence in criminal matters, *id.* at 14, and challenges to his commitment to a state hospital and involuntary medication, *id.* at 16. Plaintiff repeats allegations from other lawsuits against Judge Paul Delucchi involving fraud, racketeering, and extortion. *Id.* at 16-17. The complaint continues for another over 100 pages of repetitive allegations and legal assertions. *Id.* at 18-50; Dkt. No. 4-1 at 1-50; Dkt. No. 4-2 at 1-22.

There are several problems with this complaint. First, none of allegations, even liberally construed, state sufficient facts linked to specific state actors for the Court to discern a cognizable claim under § 1983. Furthermore, Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). The complaint is neither short nor plainly written to provide fair notice of any claims or the grounds upon which they rest. Moreover, where the allegations in a complaint are "argumentative, prolix, replete with redundancy and largely irrelevant," the complaint is properly dismissed for failure to comply with Rule 8(a). *McHenry v. Renne*, 84 F.3d 1172, 1177, 1178-79 (9th Cir. 1996). But "verbosity or length is not by itself a basis for dismissing a complaint based on Rule 8(a)." *Hearns v. San Bernardino Police Dept.*, 530 F.3d 1124, 1131 (9th

---

[2] *See, e.g.*, *McCullom v. Alameda Sheriff's Dept.,* Case No. 19-06003 BLF (PR); *In re McCullom*, Case No. 21-01172 BLF (PR), *McCullom v. Still, et al.*, Case No. 21-01742 BLF (PR).

3

Cir. 2008). A complaint, even if lengthy, is permissible if it is "coherent, well-organized, and state[s] legally viable claims." *Id.* Here, Plaintiff's complaint is incoherent, disorganized, and fails to state any legally viable claim.

In addition, none of the allegations are obviously related, and therefore the complaint appears to violate Rules 18(a) and 20(a) of the Federal Rules of Civil Procedure. "A party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternative claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a). Accordingly, "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). "Unrelated claims against different defendants belong in different suits," not only to prevent the sort of "morass" that a multi-claim, multi-defendant suit can produce, "but also to ensure that prisoners pay the required filing fees – for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of required fees." *Id.* (citing 28 U.S.C. § 1915(g)). Rule 20(a) provides that parties may be joined as defendants in one action only "if any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2).

The Court also notes that many of the allegations in this action are duplicative of those raised in at least two other lawsuits pending before this Court. *See supra* at 3, fn. 2. Duplicative or repetitious litigation of virtually identical causes of action is subject to dismissal under 28 U.S.C. § 1915 as malicious. *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988). An *in forma pauperis* complaint that merely repeats pending or previously litigated claims may be considered abusive and dismissed under § 1915. *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995); Bailey, 846 F.2d at 1021. An *in forma pauperis* complaint repeating the same factual allegations asserted in an earlier case, even

4

if now filed against new defendants, therefore is subject to dismissal as duplicative. *Bailey*, 846 F.2d at 1021; *Van Meter v. Morgan*, 518 F.2d 366, 368 (8th Cir. 1975). "Dismissal of the duplicative lawsuit, more so than the issuance of a stay or the enjoinment of proceedings, promotes judicial economy and the "comprehensive disposition of litigation." *Adams v. California*, 487 F.3d 684, 692-93 (9th Cir. 2007) (citation omitted), *overruled on other grounds by Taylor v. Sturgell*, 553 U.S. 880, 904 (2008).

Lastly, the references to various criminal proceedings indicate that the related claim for damages may possibly be barred by *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994) (to recover damages for an allegedly unconstitutional conviction or imprisonment or for other harm caused by actions who unlawfulness would render a conviction or sentence invalid, a 42 U.S.C. § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus). A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. *Id.* at 487.

Plaintiff shall be granted one opportunity to file an amended complaint to cure the deficiencies discussed above. Plaintiff must comply with Rules 8(a)(2), 18(a) and 20(a) of the Federal Rules of Civil Procedure. "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 553-56 (2007) (citations omitted). To state a claim that is plausible on its face, a plaintiff must allege facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Liability may be imposed on an individual defendant under § 1983 only if Plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). A person deprives another of a constitutional right within the meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally

5

required to do, that causes the deprivation of which the plaintiff complains. *See Leer*, 844 F.2d at 633.

### C. **Pending Motions**

Plaintiff has filed a "motion for review by three-judge district court of action by single judge" under 28 U.S.C. § 2284(b)(3). Dkt. No. 7. A three-judge court must be convened under 28 U.S.C. § 2284(b)(3) when required by Act of Congress, or an action is filed challenging the constitutionality of the apportionment of congressional districts or the apportionment of any statewide legislative body. 28 U.S.C. § 2284(a). It simply does not apply to this § 1983 action. Accordingly, the motion is DENIED.

Plaintiff has filed a motion for appointment of counsel "due to state tribunal 'bias' (and/or) state superior court of California judicial officers and other state officials actions are criminal actions that constitute violations of 28 U.S.C.A. 1962(c) of the RICO Act." Dkt. No. 9 at 1. As discussed above, Plaintiff has failed to state any legally viable claim in the complaint. *See supra* at 3-4. Furthermore, there is no constitutional right to counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. *See Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981); *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (no constitutional right to counsel in § 1983 action), *withdrawn in part on other grounds on reh'g en banc*, 154 F.3d 952 (9th Cir. 1998) (en banc). The decision to request counsel to represent an indigent litigant under § 1915 is within "the sound discretion of the trial court and is granted only in exceptional circumstances." *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984). Plaintiff's asserted grounds do not establish exceptional circumstances. Accordingly, the motion is **DENIED** for lack of exceptional circumstances. *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004); *Rand,* 113 F.3d at 1525 (9th Cir. 1997); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

### **CONCLUSION**

For the foregoing reasons, the Court orders as follows:

1. The complaint is **DISMISSED with leave to amend**. Within **twenty-eight (28) days** of the date this order is filed, Plaintiff shall file an amended complaint to correct the deficiencies described above. The amended complaint must include the caption and civil case number used in this order, Case No. 21-05738 BLF (PR), and the words "AMENDED COMPLAINT" on the first page. If using the court form complaint, Plaintiff must answer all the questions on the form in order for the action to proceed. The amended complaint supersedes the original, the latter being treated thereafter as non-existent. *Ramirez v. Cty. Of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015). Consequently, claims not included in an amended complaint are no longer claims and defendants not named in an amended complaint are no longer defendants. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.1992).

2. **Failure to respond in accordance with this order in the time provided will result in the dismissal with prejudice of this action for failure to state a claim, without further notice to Plaintiff.**

3. Plaintiff's motion for a three-judge panel and motion for appointment of counsel are DENIED. Dkt. Nos. 7, 9.

4. The Clerk shall include two copies of the court's complaint with a copy of this order to Plaintiff.

This order terminates Docket Nos. 7 and 9.

**IT IS SO ORDERED.**

Dated: __November 29, 2021_____

BETH LABSON FREEMAN
United States District Judge

Order of Dism. With Leave to Amend
PRO-SE\BLF\CR.21\05738McCullom_dwlta