1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                         NORTHERN DISTRICT OF CALIFORNIA

10

11   KEVIN L. MCCULLOM,                        Case No. 21-05738 BLF (PR)

                  Plaintiff,
12                                             **ORDER OF DISMISSAL**
          v.
13

14   FORMER PRESIDENTIAL DONALD
     TRUMP'S ADMINISTRATION, et al.,
15
                  Defendants.
16

17

18          Plaintiff, a state prisoner currently confined at the Santa Rita Jail in Dublin,

19   California, filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against

20   various Defendants, including the "Former Presidential Donald Trump's Administration,

21   Governor Gavin Newsom, Sheriff Gregory J. Ahern, District Attorney Nancy E. O'Malley

22   of Alameda County, as well as others.  Dkt. No. 4 at 1, 3.[1]  On November 29, 2021, the

23   Court dismissed the complaint to correct various deficiencies.  Dkt. No. 11.  Plaintiff filed

24   an amended complaint.  Dkt. No. 12.  For the reasons discussed below, the action must be

25

26   _____

27   [1] Plaintiff filed a six-page handwritten document "requesting to file a 42 U.S.C. 1983 civil
     rights complaint" against Governor Gavin Newson, the State of California, and state
     county officials.  Dkt. No. 1 at 1.  The Clerk of the Court sent Plaintiff a notice directing
28   him to file a complaint on the court form, Dkt. No. 3, which he did on September 7, 2021.
     Dkt. No. 4.

United States District Court
Northern District of California

United States District Court
Northern District of California

1    dismissed.

2

3                            **DISCUSSION**

4    **A.    Standard of Review**

5         A federal court must conduct a preliminary screening in any case in which a

6    prisoner seeks redress from a governmental entity or officer or employee of a

7    governmental entity.  *See* 28 U.S.C. § 1915A(a).  In its review, the court must identify any

8    cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim

9    upon which relief may be granted or seek monetary relief from a defendant who is immune

10   from such relief.  *See id.* § 1915A(b)(1), (2).  Pro se pleadings must, however, be liberally

11   construed.  *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

12        To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential

13   elements: (1) that a right secured by the Constitution or laws of the United States was

14   violated, and (2) that the alleged violation was committed by a person acting under the

15   color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).

16   **B.    Plaintiff's Claims**

17        In the original complaint, Plaintiff named the following as Defendants: the "former

18   presidential Donald Trump's administration," Governor Gavin Newsom, the Alameda

19   County Administrator Susan S. Muranishi, the Alameda County Board of Supervisors

20   Officials, "(1) David Haubert, (2) Richard Valle, (3) Wilma Chan, (4) Nate Miley, Vice-

21   President, [and] (5) Keith Carson, President," the Alameda County Chief Probation Officer

22   Wendy Still, San Mateo County Chief Probation Officer Mr. Jhon Keen, and Sheriff

23   Gregory Ahern.  Dkt. No. 4 at 1, 2.  Plaintiff claimed that he was in imminent threat of

24   danger from irreparable harm from "an enterprise engaged in racketeering activity where

25   [he's] been assaulted by these Defendants violent crimes in aid of racketeering… where

26   the element of the offense, i.e., a purpose of maintaining the Defendants' position in an

27   enterprise engaged in racketeering activity [*sic*]."  *Id.* at 2-3.  As with several of Plaintiff's

28                                      2

prior complaints,[2] the handwritten complaint in this matter was lengthy, i.e., 122 pages

long, and contains allegations that are disorganized and incoherent. Dkt. Nos. 4, 4-1, 4-2.

His allegations included racketeering and conspiracy, Dkt. No. 4 at 5-8, 9, "wrongful

conduct deliberately breaching national security," *id.* at 8, failure to maintain accurate data

bases, *id.* at 10, interference with interstate commerce with the use of technology, *id.* at 11,

false arrest, *id.* at 12, excessive force during booking, *id.*, challenges to evidence in

criminal matters, *id.* at 14, and challenges to his commitment to a state hospital and

involuntary medication, *id.* at 16.  Plaintiff repeated allegations from other lawsuits against

Judge Paul Delucchi involving fraud, racketeering, and extortion.  *Id.* at 16-17.  The

complaint continues for another over 100 pages of repetitive allegations and legal

assertions.  *Id.* at 18-50; Dkt. No. 4-1 at 1-50; Dkt. No. 4-2 at 1-22.

In dismissing the complaint with leave to amend, the Court discussed the following

deficiencies:

> There are several problems with this complaint.  First, none of
> allegations, even liberally construed, state sufficient facts linked to specific
> state actors for the Court to discern a cognizable claim under § 1983.
> Furthermore, Federal Rule of Civil Procedure 8(a)(2) requires only "a short
> and plain statement of the claim showing that the pleader is entitled to
> relief."  "Specific facts are not necessary; the statement need only '"give
> the defendant fair notice of what the . . . claim is and the grounds upon
> which it rests."'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations
> omitted).  The complaint is neither short nor plainly written to provide fair
> notice of any claims or the grounds upon which they rest.  Moreover, where
> the allegations in a complaint are "argumentative, prolix, replete with
> redundancy and largely irrelevant," the complaint is properly dismissed for
> failure to comply with Rule 8(a).  *McHenry v. Renne*, 84 F.3d 1172, 1177,
> 1178-79 (9th Cir. 1996).  But "verbosity or length is not by itself a basis for
> dismissing a complaint based on Rule 8(a)."  *Hearns v. San Bernardino
> Police Dept.*, 530 F.3d 1124, 1131 (9th Cir. 2008).  A complaint, even if
> lengthy, is permissible if it is "coherent, well-organized, and state[s] legally

---

[2]*See, e.g.*, *McCullom v. Alameda Sheriff's Dept.,* Case No. 19-06003 BLF (PR); *In re McCullom*, Case No. 21-01172 BLF (PR), *McCullom v. Still, et al.*, Case No. 21-01742 BLF (PR).

viable claims." *Id.* Here, Plaintiff's complaint is incoherent, disorganized, and fails to state any legally viable claim.

In addition, none of the allegations are obviously related, and therefore the complaint appears to violate Rules 18(a) and 20(a) of the Federal Rules of Civil Procedure. "A party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternative claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a). Accordingly, "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). "Unrelated claims against different defendants belong in different suits," not only to prevent the sort of "morass" that a multi-claim, multi-defendant suit can produce, "but also to ensure that prisoners pay the required filing fees – for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of required fees." *Id.* (citing 28 U.S.C. § 1915(g)). Rule 20(a) provides that parties may be joined as defendants in one action only "if any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2).

The Court also notes that many of the allegations in this action are duplicative of those raised in at least two other lawsuits pending before this Court. *See supra* at 3, fn. 2. Duplicative or repetitious litigation of virtually identical causes of action is subject to dismissal under 28 U.S.C. § 1915 as malicious. *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988). An *in forma pauperis* complaint that merely repeats pending or previously litigated claims may be considered abusive and dismissed under § 1915. *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995); Bailey, 846 F.2d at 1021. An *in forma pauperis* complaint repeating the same factual allegations asserted in an earlier case, even if now filed against new defendants, therefore is subject to dismissal as duplicative. *Bailey*, 846 F.2d at 1021; *Van Meter v. Morgan*, 518 F.2d 366, 368 (8th Cir. 1975). "Dismissal of the duplicative lawsuit, more so than the issuance of a stay or the enjoinment of proceedings, promotes judicial economy and the "comprehensive disposition of litigation." *Adams v. California*, 487 F.3d 684, 692-93 (9th Cir. 2007) (citation omitted), *overruled on other grounds by Taylor v. Sturgell*, 553 U.S. 880, 904 (2008).

Lastly, the references to various criminal proceedings indicate that the related claim for damages may possibly be barred by *Heck v.*

United States District Court
Northern District of California

> *Humphrey*, 512 U.S. 477, 486-487 (1994) (to recover damages for an allegedly unconstitutional conviction or imprisonment or for other harm caused by actions who unlawfulness would render a conviction or sentence invalid, a 42 U.S.C. § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus).  A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. *Id.* at 487.

Dkt. No. 11 at 3-5.

The amended complaint names only two Defendants: San Mateo County Chief Probation officer Jhon Keen, and Alameda County Chief Probation Officer Wendy Still. Dkt. No. 12 at 2.  In a 31-page handwritten document, Plaintiff claims that his Fourth Amendment rights have been violated by Defendants' failure to maintain accurate data bases in their respective counties, resulting in an "illegal imposition" of a sentence. *Id.* at 3.  For example, Plaintiff claims that on October 4, 2017, a three-year sentence was doubled to six years. *Id.*  Plaintiff also claims that this misinformation is in breach of a plea bargain agreement. *Id.* at 12.  For several pages, Plaintiff repeats the same allegations regarding the two Counties' failure to "adequately and/or routinely conduct the necessary regularly scheduled updates and audits" of their data base systems. *Id.* at 3-22.  Plaintiff also makes allegations regarding his mental health status which has affected recent state proceedings. *Id.* at 25-31.  He claims that the discrepancy regarding his mental health status is a violation of his First Amendment right to freedoms of speech because he has been "continuously alleging the criminal misconduct on the part of [the] state superior court of the County of Alameda Judge Paul Delucchi." *Id.* at 31.  Plaintiff claims that "state government officials" have been trying "to forcibly extort me into acceptance of a guilty plea bargain deal for the past three years." *Id.* at 27.  Plaintiff seeks injunctive relief as well as damages. *Id.* at 3.

The Fourth Amendment proscribes "unreasonable searches and seizures."  U.S. Const. amend. IV; *Allen v. City of Portland*, 73 F.3d 232, 235 (9th Cir. 1995); *Franklin v.*

*Foxworth*, 31 F.3d 873, 875 (9th Cir. 1994).  The Fourth Amendment does not apply to a person who is already in lawful custody.  If Plaintiff wants to challenge an unlawful state conviction or sentence, he must do so by filing a petition for writ of habeas corpus under 28 U.S.C. § 2254.  Furthermore, as Plaintiff has previously been advised, *see supra* at 4-5, a claim for damages in connection with an unconstitutional conviction or sentence is barred unless he proves that the conviction or sentence has been invalidated.  *See Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994).  Nowhere in the amended complaint does Plaintiff allege that his conviction or sentence has been invalidated.  Although he states that a federal habeas petition is currently pending with the Ninth Circuit, his action for damages does not accrue unless and until he is successful in that matter.  Dkt. No. 12 at 11.  Accordingly, Plaintiff has not overcome the *Heck* bar to proceed with a claim for damages for an illegal sentence or conviction in this § 1983 action based on inaccurately maintained data bases.

Furthermore, with respect to his allegation that his mental health status is being manipulated in violation of his First Amendment rights, it is unclear how such a claim relates to his claim regarding the allegedly inaccurate data bases of San Mateo County and Alameda County.  Nor is there any indication that unidentified "state government officials" are also involved in the inaccurate data bases of these two Counties.  As Plaintiff has been advised, unrelated claims against unrelated parties violate Rules 18(a) and 20(a) of the Federal Rules of Civil Procedure.  *See supra* at 4.

Plaintiff was already afforded one opportunity to amend, and the Court finds no good cause to grant him another opportunity where the amended complaint fails to correct all the deficiencies from the original.  *Wagh v. Metris Direct, Inc.*, 363 F.3d 821, 830 (9th Cir. 2003) (district court's discretion to deny leave to amend particularly broad where plaintiff has previously filed an amended complaint); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).  Accordingly, this action must be dismissed for failure to state a claim.

1

**CONCLUSION**

2      For the foregoing reasons, the amended complaint is **DISMISSED** with prejudice

3 for failure to state a claim for which relief can be granted.

4      **IT IS SO ORDERED.**

5 **Dated:  ___April 21, 2022_____**

6                                            BETH LABSON FREEMAN
                                              United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25 Order of Dismissal
PRO-SE\BLF\CR.21\05738McCullom_dism

26

27

28                                      7